UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 15-MD-02617-LHK<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING RE MOTION TO REMAND** |
| JILL NOBLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIGHTCHOICE MANAGED CARE, INC., et al.,<br><br>    Defendants. | Case No. 15-CV-2874-LHK |

Plaintiffs Jill Noble, Christina Novak, Cherri Hawes, and Jim Gioia (collectively, "Plaintiffs") bring a putative class action against defendants RightCHOICE Managed Care, Inc., HMO Missouri, Inc., and Healthy Alliance Life Insurance Company (collectively, "Defendants") arising out of a cyberattack on the computer system of Defendants' parent company, Anthem, Inc.

1

Case Nos. 15-MD-02617-LHK; 15-CV-2874-LHK
ORDER FOR SUPPLEMENTAL BRIEFING RE MOTION TO REMAND

("Anthem"). Before the Court is Plaintiffs' motion to remand the case to the Circuit Court of St. Louis County, 21st Judicial Circuit, in the State of Missouri. ECF No. 16.[1]

Although this action was filed in the Eastern District of Missouri, which sits in the Eighth Circuit, this Court should apply Ninth Circuit law to the instant motion to remand. *See Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994) (holding that "when reviewing federal claims, a transferee court in this circuit is bound only by our circuit's precedent"); *see also In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907, 911 (8th Cir. 2004) ("When a transferee court receives a case from the MDL Panel, the transferee court applies the law of the circuit in which it is located to issues of federal law."); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 959 (S.D. Cal. 2014) ("In interpreting federal law, a transferee court in a multidistrict case should look to the law of its own circuit rather than the law of the transferor courts' circuits.").

Because the current briefing does not cite relevant Ninth Circuit precedent, the Court hereby ORDERS the parties to file simultaneous supplemental briefs not to exceed ten (10) pages in length. The briefs shall be filed no later than September 4, 2015. The hearing on the motion to remand set for September 10, 2015, at 1:30 p.m. remains as set. At a minimum, the parties' briefs should address Ninth Circuit precedent pertaining to complete preemption under the Employee Retirement Income Security Act ("ERISA"). *See, e.g.*, *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (establishing two-pronged test for complete preemption under ERISA). The parties' briefs should also address the recent decisions granting motions to remand in other Anthem data breach cases removed to district courts in the Ninth Circuit. *See Smilow v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV 15-4556-MWF(AGRX), 2015 WL 4778824 (C.D. Cal. Aug. 13, 2015) (granting motion to remand); *Wickens v. Blue Cross of Cal., Inc.*, No. 15CV834-GPC JMA, 2015 WL 4255129 (S.D. Cal. July 14, 2015) (remanding case to state court).

---

[1] All ECF references are to the docket of Case No. 15-CV-2874-LHK.

1  **IT IS SO ORDERED.**

3  Dated: August 27, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge